UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:  3:23-cv-00602

**AYAHNA MICHELLE BRUSON,**

    **Plaintiff,**

    vs.

**STEEL RIVER SYSTEMS, LLC,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, Ayahna Michelle Brunson, (hereafter Plaintiff) and files her Complaint against the Defendant, Steel River Systems, LLC, (hereinafter Defendant), for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act (hereinafter "FCCPA") alleges:

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k (d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 et seq. by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

1

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and the Defendant transacts business here

## PARTIES

4. Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3) and Fla. Stat. § 559.55(8).

5. Defendant Steel River Systems, LLC is a debt collector based in Rock Falls, IL, that does business in Florida and Duval County, and is a "debt collector" as that term is defined by Fla. Stat. §559.55(5).

6. At all material times herein, Defendant attempted to collect a consumer debt allegedly incurred by Plaintiff (the "Debt"). Specifically, the Debt is from a Visa Classic credit card issued by Vystar Credit Union (Account No. ####6382).

7. At all material times herein, the Debt is a consumer debt obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

8. At all material times herein, Defendant is a "person" subject to Fla. Stat. §559.72. *See* Fla. Stat. § 559.55(5), (7); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809 (Fla. 4th DCA 2002).

9. At all material times herein, Defendant's conduct, with respect to the debt complained of, qualifies as "communication" as defined by Fla. Stat. § 559.55(2).

## **GENERAL ALLEGATIONS**

10. If a creditor fails to file suit to collect a debt within the applicable statute of limitations period, then the creditor has no right or ability to take legal action to collect on the debt. According to the FTC, when collecting on a time-barred debt, to avoid creating a misleading impression, the collector must inform the consumer that the collector cannot sue to collect the debt.

11. Although it is not improper for a debt collector to seek repayment of time-barred debt, the debt collector must take caution with the language it uses in its communications to collect such debts. The FTC requires debt collectors, including debt buyers, to make disclosures to prevent deception in collection on time-barred debts.

12. This action arises out of the illegal manner in which Defendant attempts to collect time-barred debts without disclosing important information that the debt was too old to file a lawsuit on or even to report to the credit bureaus.

13. The Plaintiff allegedly incurred a consumer "debt" as that term is defined by 15 U.S.C. § 1692a(5) and §559.55(6), Fla. Stat., specifically a debt to Vystar Credit Union from 2015 for approximately $1,225.00

14. That debt was later purchased or assigned to the Defendant.

15. The "debt" is "time-barred" as it is too old to sue on or report to the credit bureaus.

16. On February 28, 2023, Defendant's employee telephoned Plaintiff to collect the "time barred" consumer debt. Plaintiff explained that she had filed bankruptcy with attorney Stephen Doty but the representative ignored her and kept attempting to collect on the debt.

3

17. On March 8, 2023, another of Defendant's employees, Alisha, called Plaintiff to collect on the "time barred" debt despite being on notice that she was represented by counsel. Plaintiff again explained that she had filed bankruptcy and was represented by attorney Stephen Doty.

18. Later that day on March 8, 2023, Plaintiff called Defendant because she was concerned why Defendant had called her after she had explained the bankruptcy and attorney representation. She spoke to a male collector and asked why she was even getting collection calls on such an old debt. Defendant's collector, Samir Torres, explained that pursuant to state law that Defendant was allowed to collect on the debt. He went on to tell her a long list of states where collection was not allowed but said that in Florida that Defendant Steel River was free to collect the debt.

19. At no time during the March 8 call did Torres disclose: (1) that due to the age of the debt, the time to sue had expired; (2) that a partial payment, promise to pay or written acknowledgement of the debt might revive this timeline; (3) or that the debt could no longer be reported to the credit bureaus.

20. In the same telephone call, Plaintiff asked the collector, Samir Torres, why Defendant had continued to call her after she informed them on February 28th that she had an attorney and had filed bankruptcy. Defendant's collector explained that she was not properly "verified" so that even after she told them of the attorney representation and bankruptcy that Defendant could still contact her. He did explain that going forward that she would not be contacted but if she was interested in resolving the debt to call them back. Plaintiff was

4

further confused when he told her that after the bankruptcy is concluded they will "move forward."

21. Once Defendant was informed of attorney representation and bankruptcy, Defendant should have stopped contacting her. The information was readily available via PACER but Defendant chose to move forward with collections and communicate directly with Plaintiff.

22. In considering what is "harassing or abusive" pursuant to the FCCPA and the FDCPA, the Court must consider the position of the "least sophisticated consumer" and his or her reaction to a communication.. This means that these communications would be viewed "from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir. 1985). Ordinarily, "whether conduct harasses, oppresses, or abuses will be a question for the jury." *Id.* at 1179. The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010) [22 Fla. L. Weekly Fed. C647a].

23. At all material times herein, Defendant acts as itself or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third party vendors and insurers.

24. All necessary conditions precedent to the filing of this action occurred or have been waived by the Defendant.

## COUNT I
## (Violation of the FDCPA )

25. Plaintiff incorporates and realleges paragraphs one (1) through twenty-four (24) of this Complaint as if fully set forth herein.

26. The FDCPA was established to protect individuals and eliminate competitive disadvantages for collection companies to act properly.

> (a)There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
> […]
> (c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
> […]
> (e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.
>
> 15 U.S.C §1692.

27. In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted "to eliminate abusive debt collection practices" which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."15 U.S.C. § 1692(a), (e). Miller v. Payco-General Am. Credits, Inc., 943 F.2d 482, 483-84 (4th Cir. 1991).

28. In order to avoid creating a misleading impression as to the consequences of making a partial payment on a time-barred debt, the FTC requires that debt buyers and debt

collectors adequately disclose that providing a partial payment could revive the collector's ability to pursue legal action to collect the balance.

29. By telephoning the debtor on March 8, 2023 after Defendant was told on February 28, 2023, that she was represented by and an attorney and had filed bankruptcy, the Defendant has violated the FDCPA as, "a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S. Code § 1692c (2). Defendant had no legal right to continue contacting the debtor after it was on notice of attorney representation and could have verified the information easily via PACER.

30. In addition, Defendant has created a misleading impression to the "least sophisticated" debtor by failing to disclose the effect of paying on a time-barred debt and that making a payment on the time-barred debt could revive the debt and has violated 15 USC 1692e, which prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." Further, it is a violation of 15 U.S.C. § 1692d, "…[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Moreover Defendant's communication used unfair and unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f .

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest,

attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II

### (Violation of the FCCPA)

31. Plaintiff incorporates and realleges paragraphs one (1) through twenty-four (24) of this Complaint as if fully set forth herein.

32. The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See* Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted).

33. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt

8

is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

34. By telephoning the debtor on March 8, 2023 after Defendant was told on February 28, 2023, that she was represented by and an attorney and had filed bankruptcy, the Defendant has violated the FCCPA as, in collecting consumer debts, no person shall "communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." Defendant had no legal right to continue contacting the debtor after it was on notice of attorney representation and could have easily verified the information via PACER.

35. In addition, by attempting to collect a time-barred debt without disclosing that it was too old to file a lawsuit on or report to the credit bureaus, Defendant was subject to, and has violated provisions of Fla. Stat. §559.72 by "...willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."§559.72(7) As well as violating Fla. Stat. §559.72(9), by asserting the existence of some other legal right when such person knows that the right does not exist.

36. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

37. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

38. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

39. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant STEEL RIVER SYSTEMS, LLC.: for an award of actual damages pursuant to Section 559.77 against Defendant and for Plaintiff; for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiff; for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff; and for such other relief as this Court deems just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## SPOILATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence – paper, audio recordings, electronic documents, or data – pertaining to this litigation as required by law.

Respectfully submitted this 19th May, 2023.

**STORY | GRIFFIN**

/s/ Max Story
Max Story, Esq.
Florida Bar No.: 527238
Austin J. Griffin, Esq.

        Florida Bar. No.: 117740
        328 2nd Avenue North, Suite 100
        Jacksonville Beach, FL 32250
        Telephone: (904) 372-4109
        max@storylawgroup.com
        austin@storylawgroup.com
        Attorneys for Plaintiff